Helen H. PAVLIDIS, et al., Plaintiffs,

v.

NEW ENGLAND PATRIOTS FOOTBALL CLUB, INC., et al., Defendants.

Civ. A. No. 76–4240–S.

United States District Court, D. Massachusetts.

Oct. 27, 1987.

---

Camille F. Sarrouf, Anthony Tarricone, Boston, Mass., Nathaniel S. Weinter, Norwood, Mass., for plaintiffs.

Richard E. Bachman, George T. Finnegan, John D. Donovan, Jr., Ropes & Gray, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER ON PLAINTIFFS' PROPOSED FORM OF JUDGMENT AND MOTION FOR APPROVAL OF FEE AGREEMENT

SKINNER, District Judge.

By my July 30, 1987 order on plaintiffs' proposed form of judgment and motion for approval of fee agreement, I ruled that this is a common fund case, and that appropriate attorneys' fees would be determined by reference to Massachusetts law. This case came on for hearing on September 29, 1987, whereupon both sides presented further argument on the form of judgment and the method by which the fee award should be calculated.

Plaintiffs' counsel seek an order approving a contingent fee agreement filed with this court on February 10, 1982, said agreement providing for the deduction of fees and expenses from plaintiffs' recovery in the following manner:

1. 33% of the first $2 million recovered;
2. 25% of the next $3 million recovered;
3. 20% of any amount recovered over $5 million;
4. expenses; provided that the fee will be calculated by excluding the $15.00 per share attributable to those shares which have not yet been exchanged.

Attorneys' fees under this arrangement will amount to approximately 26% of the fund.

■ Defendants object to approval of this fee agreement on the grounds that the fee would be unreasonable and excessive, that a contingency arrangement cannot be imposed on unnamed plaintiffs, and that in any event, Massachusetts law does not authorize a contingent fee under these circumstances. Defendants propose an alternative fee primarily based on time reasonably spent, known as the lodestar approach.[1] Defendants' proposed fee would be substantially less than the fee calculated under the contingency agreement.

For the reasons that follow, I am granting petitioners' motion, thereby upholding the contingency fee agreement. Form of Judgment is attached in Appendix A.

*Fee Award*

■ Generally, federal courts have no power to award attorneys' fees to the prevailing party absent express statutory authority, *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 245, 95 S.Ct. 1612, 1615, 44 L.Ed.2d 141, 146 (1975). However, a well-recognized exception to this rule applies where a common fund has been created in a class action, *id.; see also, Boeing Co. v. Van Gemert*, 444 U.S. 472, 478–79, 100 S.Ct. 745, 749–50, 62 L.Ed.2d 676, 682 (1980). This "common fund" doctrine creates equitable jurisdiction to enable the district court to award expenses and fees to an attorney whose actions have

---

1. Specifically, under the lodestar method of fee determination, the court must first determine the hours reasonably expended by counsel that created the fund. Second, the number of compensable hours is multiplied by a reasonable hourly rate for those services. The resultant number constitutes the "lodestar." Finally, the lodestar may be increased or decreased based upon the contingent nature or risk in the case and the overall quality of work performed. *See generally, Report of the Third Circuit Task Force, Court Awarded Attorney Fees*, 108 F.R.D. 237, 243 (1985).

created a benefit for a given class of litigants. Moreover, it has been noted that "the equitable supervisory authority that Rule 23 of the Federal Rules of Civil Procedure grants federal courts in class actions extends to attorney fee questions and itself provides a quasi-substantive predicate for fee allowances," *In re Agent Orange Product Liability Litigation,* 611 F.Supp. 1296, 1304 (E.D.N.Y.1985). Central to this doctrine is the premise that "persons who obtain the benefit of a lawsuit without contributing to its cost [should not be] unjustly enriched at the successful litigant's expense;" *Boeing Co., supra,* 444 U.S. at 478, 100 S.Ct. at 749, 62 L.Ed.2d at 682.

■ Having established the propriety of a fee award in this action, I turn to an examination of the relevant standard to be applied in determining the fee. As stated at the outset, Massachusetts law governs this question, *Alyeska Pipeline Co., supra,* 421 U.S. at 259 n. 31, 95 S.Ct. at 1622–23, 44 L.Ed.2d at 154. *See generally,* 6 Moore's Federal Practice ¶ 54.78[1] (3d ed. 1987). Defendants correctly point out that the Supreme Judicial Court has yet to address the question of fees in common fund cases, *see First National Bank of Boston v. Brink,* 372 Mass. 257, 266, 361 N.E.2d 406 (1977).[2] Absent an express standard, the question of reasonable attorney's fees rests within the sound discretion of the district court, *Blanchette v. Cataldo,* 734 F.2d 869, 878 (1st Cir.1984); *Mulhern v. Roach,* 398 Mass. 18, 494 N.E.2d 1327 (1986).

■ In determining a fair and reasonable fee, I may consider the ability and reputation of the attorneys, the demand for their services by others, the amount and importance of the matter involved, time spent, prices normally charged for the same or similar services by other attorneys in the same area, amount of money or value of the property affected by the controversy, and the result achieved. *See Cummings v. National Shawmut Bank,* 284 Mass. 563, 188 N.E. 489 (1933). This list of factors is substantially identical to

S.J.C. Rule 3:07, DR 2–106(B), as amended, 382 Mass. 772 (1981). Moreover, I must apply these factors in the context that there is an existing contingency fee agreement, which, absent extenuating circumstances, should be enforced according to its terms. 6 Moore's Federal Practice ¶ 54.78[2] (3d ed. 1987).

■ At the core of my task is to decide whether upholding the contingency fee arrangement will result in an unjustifiable and unreasonable award. Unlike statutory fee-shifting cases, wherein a reasonable fee is nearly universally calculated by using the lodestar approach, a reasonable fee in a common fund case may be a percentage of the fund bestowed on the class, *Blum v. Stenson,* 465 U.S. 886, 900 n. 16, 104 S.Ct. 1541, 1549–50, 79 L.Ed.2d 891, 903 (1984). Fees in the 20%–50% range in common fund class actions are not uncommon and have been held to be reasonable, *In re Warner Communications Securities Litigation,* 618 F.Supp. 735, 749–50 (S.D.N.Y. 1985).

■ Defendants principally attack a percentage recovery on three grounds: (1) that the lack of exact records of time spent by counsel should, absent extraordinary circumstances, result in a substantial reduction in the fee; (2) that the court may not impose a contingency fee agreement on unnamed plaintiffs; and (3) that the results achieved do not justify the size of the fee. On each base of attack, defendants have relied primarily on statutory fee-shifting cases, and I believe these cases are inapposite to a common fund fee determination. The underlying considerations taken into account in statutory fee-shifting cases, as contrasted with a common fund case in which a sizable fund has been created, are substantially different enough such that reference to and reliance upon the former line of cases is of little aid to this present task. *See generally, Report of the Third Circuit Task Force, supra* note 1, at 254–59. Notwithstanding this deficiency, each of defendants' objections will be examined.

---

**2.** Therefore, no party can successfully argue that Massachusetts law mandates that I apply

either the lodestar or a percentage of the fund approach.

### a. Lack of Exact Time Records

■ Defendants urge me to follow the rule in *Grendel's Den, Inc. v. Larkin,* 749 F.2d 945 (1st Cir.1984) which provides for a substantial reduction in the fee award if petitioning counsel cannot produce accurate time records, i.e., time sheets.[3] *Grendel's Den, Inc.* involved an application for fees and costs under 42 U.S.C. § 1988; the rule in that case does not apply to a fee application in a common fund case nor is it appropriate under the facts of this case. Counsel for plaintiffs took this case on over five years ago, and have conducted themselves under the assumption that their fee would be determined by the contingency agreement filed with the court on February 10, 1982. It is not at all uncommon for an attorney working on a contingency basis to fail to keep daily time records with the exactitude that an attorney being compensated on an hourly basis would keep them. Given this practical reality, I see no reason for plaintiffs' counsel to be penalized for not keeping more accurate records.

### b. Imposition of Contingent Fee on Unnamed Plaintiffs

■ Defendants argue that the contingency fee arrangement should not be imposed on unnamed plaintiffs, on the grounds that notice of the negotiation of the fee was not given to all members of the class, and further that Massachusetts law does not permit imposition of the fee as such.

While it is true that notice was not given to class members prior to negotiation of the fee, defendants have not referred me to a case or rule which mandates that such notice be given. However, unnamed plaintiffs were given an opportunity to object to the proposed fee arrangement back in 1982 when Notice of the Pending Class Action was given to them. No one objected to the proposed fee agreement at that time, and to my knowledge, no plaintiffs have yet objected to this arrangement.

Defendants argue that Massachusetts law prohibits the imposition of a contingency fee on unnamed plaintiffs in a common fund case, but the two cases cited by defendants, *Sargeant v. Sharp,* 579 F.2d 645 (1st Cir.1978) and *Hew Corp. v. Tandy Corp.,* 480 F.Supp. 758 (D.Mass.1979), do not persuade me. *Sargeant* concerned a fee award under 42 U.S.C. § 1988, and for the aforementioned reasons, it holds little persuasive value. *Hew Corp.* does not confront this issue either directly or tangentially.

### c. Results Achieved/Size of Fee

Defendants argue that the size of the fee sought is wholly unreasonable and unjustified in light of the results achieved. In particular, defendants assert that petitioning counsel contributed little toward actually achieving the substantive results—that by operation of collateral estoppel, liability on the state pendent claim was established in *Coggins* and damages were established in *Sarrouf.* Likewise, defendants urge the court to consider that plaintiffs' counsel failed to succeed on any of the federal claims.

Additionally, defendants urge a substantial reduction in the proposed fee on the grounds that the amount of time spent on this case was excessive, that there was substantial duplication of effort, and that, with the exception of Mr. Sarrouf, none of the attorneys can justify (given experience and reputation) what amounts to an hourly compensation rate in excess of $275.

■ At first blush, defendants are facially correct in arguing that, without the *Coggins* decision, I would in all probability not be deciding this present question today. However, one need only scratch the surface to observe that plaintiffs' counsel contributed far more to achieve the results than defendants are willing to give them credit for. The factual underpinnings of this entire imbroglio were established at trial before me, and substantial portions of these facts were subsequently adopted by

---

**3.** Affidavits have been submitted which attest to time spent on behalf of plaintiffs by Nathaniel S. Weiner, Gerard J. Clark, Robert Liberman, and attorneys at Sarrouf, Tarricone & Flemming. Plaintiffs' counsel have not, however, submitted contemporaneous time records.

Judge Young in both the *Coggins* and *Sarrouf* decisions.

Moreover, defendants did not roll over and play dead once *Coggins* was decided. Rather, the fight was far from over, and plaintiffs' counsel continued to persevere against extremely able and, on the whole, far more experienced defense counsel. In spite of the imbalances in sheer legal experience, Mr. Wiener and assembled co-counsel exhibited spirited perseverance and succeeded in locking in a common fund well in excess of $6.5 million for the benefit of the class. Therefore, while it may be technically correct that counsel failed to succeed on their federal claims, and that by operation of collateral estoppel, liability and damages have been established, nonetheless it is disingenuous for defendants to argue that plaintiffs' counsel contributed little to the eventual establishment of this fund.

 As for the argument that excessive time was spent in pursuit of the common fund, that there was substantial duplication of effort, and that the resultant average hourly rate would be grossly disproportionate in light of the skill level of the attorneys here involved, these objections do not weigh as heavily where the court is examining a percentage-of-the-fund fee as opposed to a fee based on a lodestar analysis. Admittedly, it is troublesome to me that Mr. Wiener spent what I consider to be wholly inappropriate amounts of time on certain phases of the case. Under the best of circumstances, counsel should have been able to achieve the same or similar results in many fewer hours. However, defendants fail to recognize that even if counsel for plaintiffs had spent only 3,000 hours on this matter, they nonetheless would be just as entitled to the fee regardless of total time spent.

The same logic can be applied to the otherwise valid criticism of duplication of efforts and resultant average hourly rate. Even if there had been *no* duplication of efforts, in particular in the discovery phase of this action, counsel would nonetheless be entitled to have the fee arrangement upheld. As for the average hourly rate, I am not troubled by the result. Compare *First National Bank of Boston v. Brink*, 372 Mass. 257, 361 N.E.2d 406 (1977), where the Supreme Judicial Court upheld a fee of $760,000, in spite of the fact that the fee was greater than *seven* times the amount that counsel would have received if compensated on an hourly basis.

In sum, defendants have failed to persuade me that the results achieved in this case do not justify the size of the fee.

*Conclusion*

For the foregoing reasons, I hereby order that plaintiffs' motion for allowance of the contingency fee agreement be ALLOWED. Judgment shall be entered in the form of judgment attached as Appendix A.* Those costs which I find to be compensable are listed in Appendix B.* Those shareholders who, upon adequate proof of ownership, are entitled to receive $65 per share plus interest minus a pro rata share of attorneys' fees and costs are listed in Appendix C.* Those shareholders who, upon adequate proof of ownership, are entitled to receive $80 per share plus interest minus a pro rata share of attorneys' fees and costs are listed in Appendix D.*

---

* Deleted by Court for purposes of publication.